UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

SIDNEY RHONE,

    Petitioner,                                                        Case No.  13-15266

v.

WAYNE COUNTY PROSECUTORS OFFICE,

    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING A CERTIFICATE OF APPEALABILITY**

    This is a habeas corpus petition filed by Petitioner Sidney Rhone.  Petitioner claims that he is incarcerated pretrial at the Wayne County Jail in Detroit, Michigan, on charges of first-degree murder, assault with intent to commit murder, possession of a firearm by a felon, and commission of a felony with a firearm.  Petitioner claims that the police did not have probable cause to arrest him.   Because petitioner has not exhausted his state court remedies, the court will dismiss the petition without prejudice.

**I.  DISCUSSION**

    Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4, Rules Governing Section 2254 cases.  "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

1

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

In the instant case, Petitioner's claims may be resolved in the pending state court criminal proceeding or on direct appeal. Petitioner, therefore, must await resolution of his claims in state court before he can file a habeas corpus petition. *See, e.g., Campbell v. Zych*, No. 08-14804, 2009 WL 377081, at *2 (E.D. Mich. Feb. 11, 2009) (summarily dismissing habeas petition filed by pretrial detainee where claims had not been exhausted).

A federal court "may sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the state," but such cases are "exceptional" and of "great urgency." *Urquhart v. Brown*, 205 U.S. 179, 182 (1907); *Smith v. Evans*, No. 08-11188, 2008 WL 880007, at *2 (E.D. Mich. March 31, 2008). Petitioner has failed to allege any urgent circumstances sufficient to warrant interference by this Court in a matter pending in state court.

## II.  CERTIFICATE OF APPEALABILITY

A district court may decide whether to issue a certificate of appealability at the time the court rules on a petition for a writ of habeas corpus. A certificate of

2

appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 8 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the court concludes that reasonable jurists would not debate the court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the court denies a certificate of appealability.

### III. CONCLUSION

The claims raised in the petition have not been fully exhausted in state court. Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus, [Dkt. # 1], is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

      s/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated: January 13, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 13, 2014, by electronic and/or ordinary mail.

      s/Lisa Wagner  
      Case Manager and Deputy Clerk  
      (313) 234-5522

Q:\Cleland\JUDGE'S DESK\C2 ORDERS\13-15266.RHONE.dismisswoprej.jac.wpd